Judge Lane
stated the case and delivered the opinion of the court:
This case stands before the court on a demurrer to the declaration. The plaintiffs declare, in a plea of trespass on the case, “that on November 25, 1830, at the county aforesaid, a person, to the plaintiffs unknown, made application and requested plaintiffs to loan him one thousand dollars for sixty days; that said person so unknown, referred the plaintiffs to the defendant, concerning his person, name, character, and standing; that *sáid de- [498 fendant, so referred to, in consideration that said plaintiffs would loan the said person the sum of one thousand dollars, warranted' him, so unknown, and so applying, to be a reputable and respectable man of Tuscarawas county, of the name of Adam Riggle, and thereby induced plaintiffs to loan him one thousand dollars for sixty days. That plaintiffs, confiding in these representations, loaned the money; whereas, in fact, said person so unknown, and so warranted to be a reputable and respectable man of Tuscarawas county, by the name of Adam Riggle, was not a man oí the name of Adam Riggle, of Tuscarawas county; by means of which defendant, falsely and fraudulently, deceived the plaintiffs on the loan aforesaid, and thereby said sum of money became wholly lost, and plaintiffs have been subjected to great expense in endeavoring to discover the name and residence of said person, and in recovering the money to their damage, one thousand eight hundred dollars.
The extreme indefiniteness, the utter want of precision, and the language used by the pleader in this plea, makes it difficult to understand his meaning, still, more difficult to express it. I do- *506 not know whether he intended the suit to be assumpsit or case, .and it becomes necessary to examine if it can be supported in •either.
Hubbard, for plaintiff.
Cowen, for defendant.
Is it assumpsit? If it be a contract, it shows a loan made to another person, who was under a liability to pay ; the liability of the defendant was, consequently, not absolute to pay at all events, but a liability arising from the default of the principal, to raise •which he must have notice. The omission of this averment makes the count bad ; when notice is omitted which ought to be averred, -it is good after verdict, but’ bad on demurrer. 1 Chit. Pl. 287.
To make a good declaration in case for fraud, it is necessary to rshow that he made the affirmation fraudulently with the intention to deceive, or knowing the contrary to be the truth. No such •character is attached to them by the pleader, except near the close, where he states that, by means of the premises, the said plaintiff falsely and fraudulently deceived the defendant. This seems rather an inference of the plaintiff than a direct averment of the fact. Such an averment was held good after verdict in New York. 11 Johns. 550. But it seems to have been there sustained only because objection was taken so late.
But in this statement of the cause of action, it is not shown •489] ^hovr any injury arose from the act of the defendant. He is said to have warranted the person to be a respectable and reputable man of Tuscarawas county, of the name of Adam Higgle, whereas he was not a man of Tuscarawas county by the name of Adam Higgle, by means of which he deceived the plaintiff, and the debt was lost. He does not show how it was lost. If it was John Higgle instead of Adam, or if it were Adam Higgle of^ Belmont county,-the representation would not be true, yet no injury would necessarily follow.
It is not shown that the person was not Adam Higgle, or that ■there was no such man. It seems to be indifferent to the plaintiff; whether the representation was true or not, the inference must, follow the premises, the injury must be shown to arise from the representation, or the pleading is ill.
Demurrer sustained.